RICHARD A. PORTER, PROSECUTOR, v. BUILDING ASSOCIATES, INCORPORATED, A CORPORATION, DEFENDANT.

Argued May term, 1933—Decided December 19, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the prosecutor, *Silzer & Stern.*

For the defendant, *Grosso, Brundage & Anderson (Norman L. Brundage,* of counsel).

PER CURIAM.

This writ of *certiorari* presents for review a default judgment entered in the District Court of the city of Orange in favor of the plaintiff and against the defendant.

The prosecutor of the writ was the defendant's tenant under a lease which expired on September 30th, 1932. In the court

below plaintiff sued for two months' rent, namely, September and October, 1932. Admittedly, there was due the owner, rent for the month of September, which claim was set out in the first count of the state of demand. This item is not under consideration here.

In the second count, the owner makes claim for rent for the month of October, alleging that the tenant had served notice that the lease would not be renewed at its expiration, September 30th, 1932, but that the tenant was liable for rent, because he remained in possession of the premises "during part of the month of October, that he failed and refused to surrender the keys to the premises to the plaintiff although plaintiff requested same."

After the suit was started, the tenant voluntarily came to the attorney for the owner and paid the amount of rent due for September, together with costs of suit, and received a receipt from the owner's attorney acknowledging payment of $151.20, of which sum $140 was for rent due for the month of September and the remainder for costs. This receipt also set out that the plaintiff still claimed rent for the month of October, 1932, on the theory, as set out in the state of demand, that the tenant held over. The date of the payment was December 1st, 1932.

The return of the constable, who served the process, showed that the summons and state of demand was served on November 29th, 1932, and the return day of said summons, December 7th, 1932. The record shows that the case in the District Court was marked "no appearance on January 4th, 1933, and judgment entered against the defendant, on affidavit, filed in behalf of the owner, on January 6th, 1933; and execution issued on February 17th, 1933, which, as prosecutor's attorney argues, is more than thirty days after entry of judgment. This default judgment is brought up for review by this writ."

It will also be noted that the default judgment in question includes costs in full although the tenant had paid costs of suit in settling the owners' claim for the September rent.

Upon learning, because of the execution, that judgment had been entered on January 6th, 1933, the tenant obtained a rule to show cause why the said default judgment should

not be reopened, with the result that the court refused to disturb the judgment.

Many reasons are assigned why the default judgment should be set aside, among them being the summons and state of demand, left at the defendant's home with an employe, was not signed by the clerk, not dated, and had no return day fixed therein.

It appears that the constable, who served the process, left the summons and state of demand with a servant in the house, advising her, as he says, to bring the matter to the attention of the defendant, when he returned home, after explaining to her what it was. He likewise says that the summons served was the original, that it was dated, signed by the clerk, and showed a return day. As a matter of fact, the prosecutor of this writ produces as an exhibit in the case a summons which does not bear the signature of the clerk, is not dated, and has no return day either in the body or on the back thereof, and testifies that this undated process was in fact served. The landlord, on the other hand, by witnesses says this is untrue, explaining the situation by saying that when the wife of the defendant below called upon the landlord's attorney to make the payment above mentioned, she brought with her the original of the summons and state of demand and that after she had paid the September rent and costs and he gave her the receipt, which has been mentioned, he inadvertently handed her his office copy of the summons and state of demand which did not bear the clerk's signature, was undated, and without a return day, and that he mistakenly retained the summons and demand, that is, the original, which she had brought to his office.

At the hearing, where depositions were taken under this writ, he produced and offered in evidence the original summons and demand which, he says, was the one served upon the defendant.

Now whatever may have been the fact about this particular point, it is plain that the statute (Cf. District Court act, 2 *Comp. Stat., p.* 1966, § 45), requires that the summons, to be valid, shall specify a certain time and place for its return; it must also be dated because of the provision that the party

to be charged shall have had at least five days' notice of the time mentioned for appearance. It is just as essential, to our mind, that the party to be charged shall know definitely when a hearing or trial is to be had wherein his property rights are involved as it is that such litigant shall be informed as to the exact nature of the claim being made by the plaintiff.

From the proofs, it is obvious that the tenant, *after* the visit to the attorney's office, did not have the original summons in her possession, containing the information to which she was entitled and that is required by statute. On the other phases of this particular issue, the proofs are not so clear and convincing that the minds of reasonable persons might not honestly disagree about them and we are led to conclude, in order to insure complete justice, that the default judgment should be opened and a trial on the merits had, the costs in this matter to abide the final outcome of the suit, and this will be the order.